NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 22, 2015[*]
Decided September 25, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1744 <br><br> MARGARET L. PULERA, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> BENJAMIN J. COOPMAN, <br>     *Defendant-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 14-C-0761 <br> Lynn Adelman, *Judge.* |

**Order**

Margaret Pulera sued Benjamin Coopman, Rock County's Director of Public Works. She contends that Coopman's support of a highway reconfiguration near her home violates the Equal Protection Clause of the Fourteenth Amendment. The district court concluded that the contention is so weak that the suit does not come within federal subject-matter jurisdiction. As the district court understood Pulera's contentions, "equal protec-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

tion" is just a label attached to a contention that Coopman failed to follow the rules established by state law, particularly Wis. Stat. §§ 82.10 and 82.21.

Pulera contended in the district court that she is a "class of one" who bore the brunt of Coopman's animus. See *Willowbrook v. Olech*, 528 U.S. 562 (2000); *Del Marcelle v. Brown County*, 680 F.3d 887 (7th Cir. 2012) (en banc). She maintains that Coopman ignored her complaints about the safety of the proposed new traffic pattern and wrongfully persuaded the Rock County Board of Supervisors to approve his proposal. She labeled Coopman's advocacy as "arbitrary, irrational, and discriminatory to [her] *and anyone else who uses these roads*" (italics added). The language we have emphasized, and similar statements, led the district judge to conclude that Pulera has not been singled out for adverse treatment, because traffic patterns affect everyone who uses the road.

Pulera insists on appeal that Coopman has been hostile and vindictive toward her personally, but that does not meet the district judge's conclusion that road-construction decisions affect thousands of people, not just one. The Supreme Court has held that "essentially fictitious" claims do not come within federal jurisdiction. See *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974). Pulera may well have a claim based on state law, but it must be litigated in state court (the parties are not of diverse citizenship); applying a federal label to a state-law claim does not permit a litigant to shift the forum for the lawsuit.

The parties' other contentions need not be discussed.

Because this suit was properly dismissed for lack of jurisdiction, the dismissal is without prejudice to reinstitution in state court, under state law.

AFFIRMED